UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| JAMES E. MCCLAIN, II, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| | ) | No.: 3:20-CV-327-TRM-DCP |
| v. | ) | |
| | ) | |
| CODY FRITZ and JAIMIE KENTNOR[1], | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This matter comes before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and Standing Order 13-02. The Court is in receipt of a pro se prisoner's Motion for Leave to Proceed in Forma Pauperis [Doc. 1] and his Complaint [Doc. 2] for violation of 42 U.S.C. § 1983. Plaintiff subsequently filed his prisoner trust fund account statement [Doc. 4].

It appears from the Motion for Leave to Proceed in Forma Pauperis [Doc. 1] that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, the Court **RECOMMENDS** that Plaintiff's Motion [**Doc. 1**] be **GRANTED**. The Court further **RECOMMENDS** that Plaintiff's excessive force claims against Defendants proceed, but that his illegal seizure claim and request for criminal charges to be brought against Defendants be **DISMISSED**.

### I.  FILING FEE

By way of background, Plaintiff filed an Application to Proceed in Forma Pauperis ("Application") [Doc. 1] along with a certified copy of his inmate trust account statement for the previous six-month period pursuant to 28 U.S.C. § 1915(a)(2) [Doc. 4]. It appears from the

---

[1] The Clerk of Court is **DIRECTED** to update the spelling of Defendant Kentnor's name.

certified record of Plaintiff's inmate account that he lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, the Court **RECOMMENDS** that his motion to proceed *in forma pauperis* [Doc. 1] be **GRANTED.** *See* 28 U.S.C. § 1915(b)(1) ("[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee.").

## II. COMPLAINT SCREENING

### A. Applicable Standard and Background

Under the Prison Litigation Reform Act, district courts must screen prisoner complaints and shall, at any time, sua sponte dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See e.g.*, 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In the instant matter, Plaintiff filed a Complaint, alleging violations of 42 U.S.C. § 1983 against Defendants Cody Fritz and Investigator Jaimie Kentnor. [Doc. 2 at 2]. However, the first page of Plaintiff's filing consists of a letter from "The Inmates of (F) Block of [the] Loudon County

2

Jail" to the Court, outlining the repeated attempts of "the inmates" to file grievances after physical assaults of "[n]umerous other Plaintiffs," as well as statements by jail officials "that if we keep complaining we will get . . . [their] 'ass's beat.'" [Doc. 2 at 1]. However, upon the Court's review, this separate page of Plaintiff's Complaint is related to his filings in another § 1983 case, *James E. McClain, II et al. v. Guider et al.*, No. 3:20-cv-328-JRG-DCP (E.D. Tenn. Aug. 27, 2020) [Doc. 2].

This action, filed on the same day on the present case, also consists of several Plaintiffs alleging that inmates in the Loudon County Jail have tried to file grievances with the jail over the inmates' abuse to no avail. District Judge Greer subsequently denied the plaintiffs' request for joinder and found that the action would proceed only with James McClain as a plaintiff (also the Plaintiff in the present case). *McClain*, No. 3:20-cv-328-JRG-DCP (E.D. Tenn. October 9, 2020) [Doc. 13]. District Judge Greer also found that Plaintiff McClain failed to allege how the conditions of confinement had affected him, or set forth any facts from which the Court could plausibly infer that the named Defendants were personally involved for the alleged deprivations, and allowed him thirty days in which to file an amended complaint. [*Id.*]. After Plaintiff failed to amend his complaint, this case was subsequently dismissed on November 23, 2020. *McClain*, No. 3:20-cv-328-JRG-DCP (E.D. Tenn. November 23, 2020) [Docs. 16 & 17].

Therefore, the Court finds that the initial page of the Complaint in the present action was related to the subsequent case involving Plaintiff, No. 3:20-cv-328, but that it would not alter the Court's analysis, as it mirrored the allegations set forth in the complaint in the conditions of confinement case. Additionally, the Court also notes that although Plaintiff failed to amend his complaint in 3:20-cv-328, mail sent to him was not returned as undeliverable.

### B. Excessive Force

Accordingly, the Court will now review the remainder of Plaintiff's Complaint in the present case, related to his allegations of excessive force. Plaintiff alleges that on May 27, 2020, Defendants Kentnor and Fritz, members of the 9th Judicial Task Force, arrested him in Knox County, and slammed his head into a concrete pavement, breaking his nose and giving him a concussion. [*Id.* at 3–4]. Plaintiff asserts that Defendants had their knee placed on his neck, cutting off his airway, and placing him in and out of consciousness. [*Id.* at 4]. Plaintiff maintains that these events were witnessed by Christopher Trinidad, and that his injuries were documented by the nursing staff of the Knox County Detention Center. [*Id.*].

"The Fourth Amendment of the United States Constitution protects a person from being subject to excessive physical force during the course of an arrest, a booking, or other police seizure." *Malory v. Whiting*, 489 F. App'x 78, 82 (6th Cir. 2012) (citing *Drogosch v. Metcalf*, 557 F.3d 372, 378 (6th Cir. 2009)); *see Graham v. Connor*, 490 U.S. 386, 394 (1989) ("Where, as here, the excessive force claim arises in the context of an arrest or investigatory stop of a free citizen, it is most properly characterized as one invoking the protections of the Fourth Amendment."). The determination of whether an officer exerted excessive force during the course of an arrest is determined under an "objective reasonableness" standard. *Id.* at 396–97.

"Each defendant's liability must be assessed individually based on his own actions." *Binay v. Bettendorf*, 601 F.3d 640, 650 (6th Cir. 2010) (citing *Dorsey v. Barber*, 517 F.3d 389, 399 n.4 (6th Cir. 2008)). "To hold an officer liable for the use of excessive force, a plaintiff must prove that the officer '(1) actively participated in the use of excessive force, (2) supervised the officer who used excessive force, or (3) owed the victim a duty of protection against the use of excessive force.'" *Id.* (quoting *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997)).

4

Based upon the allegations in the Complaint, the Court finds that Plaintiff plausibly states excessive force claims under § 1983 against Defendants Kentnor and Fritz. Therefore, the Court **RECOMMENDS** that Plaintiff's excessive force claims for damages proceed against Defendants.

### C. Illegal Seizure

Additionally, Plaintiff asserts that Defendants Fritz and Kentnor illegally seized his 2014 Chevy Impala without just cause, as he was arrested on a parole warrant and the members of law enforcement were outside of their jurisdiction. [Doc. 2 at 4]. Plaintiff does not allege that law enforcement did not have reasonable suspicion to stop or search his vehicle; rather it appears to the Court that Plaintiff alleges that Defendants Fritz and Kentnor illegally seized his vehicle following his arrest.

However, the Court finds that Plaintiff's claim that his vehicle was improperly seized following his arrest does not appear to state a claim upon which relief can be granted under § 1983. *See Brient v. Calendine*, No. 2:15-CV-2965, 2015 WL 7076671, at *6 (S.D. Ohio Nov. 13, 2015) ("Assuming that Defendants' impounding of Plaintiff's vehicle constituted both a seizure within the meaning of the Fourth Amendment and state action on the part of Defendant John Doe, the Undersigned finds that impounding Plaintiff's vehicle in conjunction with a lawful custodial arrest is reasonable under all the circumstances. *South Dakota v. Opperman*, 428 U.S. 364, 369 (1976). Plaintiff has alleged no facts that would suggest Defendants acted unreasonably or committed a theft offense by impounding Plaintiff's vehicle in conjunction with a lawful custodial arrest."), *report and recommendation adopted by*, 2016 WL 164102 (S.D. Ohio Jan. 14, 2016). Plaintiff only claims that the vehicle was improperly seized because he was arrested on a parole warrant with Defendants allegedly outside of their jurisdiction; however, he does not contend that the decision to impound his vehicle was in violation of any applicable law enforcement policy.

Additionally, Plaintiff does not allege that he failed to receive appropriate notice that his vehicle was impounded. Ultimately, the Court does not find sufficient factual support for any claim related to the seizure of Plaintiff's vehicle under § 1983.[2] Therefore, the Court will **RECOMMEND** that Plaintiff's claims relating to the seizure of his vehicle be **DISMISSED**.

### D. Damages and Injunctive Relief

Plaintiff seeks punitive damages for his physical injuries, for the officers involved to be reprimanded and charged for the alleged offenses, to receive damages in the form of his medical bills, costs, and back payments, as well as for his car to be returned. [Doc. 2 at 6].

To the extent that Plaintiff seeks prosecution of either of these Defendants for these alleged acts, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *Woods v. Miamisburg City Schs.*, 254 F. Supp. 2d 868, 873-74 (S.D. Ohio 2003) ("[T]he law is clear that a private citizen has no Constitutional, statutory, or common law right to require a public official to investigate or prosecute a crime."). Accordingly, as any such request would fail to state a claim upon which

---

[2] Moreover, a plaintiff may not maintain an action under § 1983 for a deprivation of personal property where an adequate post-deprivation state remedy exists to address the claim, and there are not allegations that the procedures are inadequate. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (discussing intentional deprivation of property); *Parratt v. Taylor*, 451 U.S. 527, 543–44 (1981) (addressing negligent deprivation of property), *overruled in part on other grounds by Daniels v. Williams*, 474 U.S. 327, 330–31 (1986). Tennessee's statutory post-deprivation remedy has been found to satisfy the requirements of due process, *see McLaughlin v. Weathers,* 170 F.3d 577, 581–82 (6th Cir. 1999), and similar courts have found such state remedies to apply to due process claims involving property in an impounded vehicle. *See, e.g.*, *Rasmussen v. City of Redondo Beach*, No. 2:07-cv-7743-FMC(PLA), 2008 WL 4450322, at *5 (C.D. Cal. Sept. 29, 2008) (dismissing due process claim for loss of tools from impounded vehicle); *Czapla v. Kelley*, No. C08-0084-RSM-MAT, 2008 WL 2273178, at *2 (W.D. Wash. June 2, 2008) (dismissing due process claim against police officers who allegedly failed to inventory and impound plaintiff's van properly after his arrest, causing plaintiff's personal property to be stolen from the van).

relief may be granted under § 1983, the Court **RECOMMENDS** that Plaintiff's request that criminal charges be brought against the officers be **DISMISSED**.

III. **CONCLUSION**

For the reasons set forth above, the Court **RECOMMENDS** that Plaintiff's Application to Proceed in Forma Pauperis [**Doc. 1**] be **GRANTED** and that Plaintiff be assessed the appropriate filing fee.[3] The Court further **RECOMMENDS**[4] that Plaintiff's excessive force claims against Defendants proceed, but that his illegal seizure claim and request for criminal charges to be brought against Defendants be **DISMISSED**.

Respectfully submitted,

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge

---

[3] This matter is to be presented to a District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 263 (6th Cir. 1990), wherein the Court states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed *in forma pauperis*.

[4] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).